HENG WANG & ASSOCIATES, P.C.
305 Broadway, Suite 1000
New York, NY 10007
Telephone: (212) 513-1183
Fax: (646) 572-8998
Attorneys for Plaintiffs

FILED
CLERK

2017 DEC 15  PM 1: 36

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

SHENZHEN TANGE LI'AN E-COMMERCE CO.,
LTD. and ITOMTE, INC.,

       Plaintiffs,

    v.

DRONE WHIRL LLC d/b/a 7PRODUCTGROUP,
TATIANA MIRONOVA, and AMAZON.COM, INC.,

       Defendants.

-------------------------------------------------------------------x

**CV 17-07320**

Civil Action No.:

**COMPLAINT and JURY
DEMAND**

**SPATT, J.
LOCKE, M.J.**

Plaintiffs SHENZHEN TANGE LI'AN E-COMMERCE CO., LTD. and ITOMTE, INC.,

(hereinafter referred to as "Plaintiffs"), by way of Complaint against the Defendants DRONE

WHIRL LLC and TATIANA MIRONOVA (hereinafter referred to as "Defendants"), state as

follows:

### The Parties

1.   Plaintiff SHENZHEN TANGE LI'AN E-COMMERCE CO., LTD. (hereinafter referred

    to as "Shenzhen") is a foreign limited liability company registered and

    headquartered in China.

2.   Plaintiff ITOMTE, INC. (hereinafter referred to as "Itomte") is a California

    corporation that conducts business all over the United States, including New York.

3.   Defendant DRONE WHIRL, LLC d/b/a 7PRODUCTSGROUP ("hereinafter referred

    to as Drone Whirl) is a Delaware Corporation who does business in the state of New

1

York and elsewhere, including, but not limited to, business conducted by means of an internet website https://nordic7productgroup.com and through e-commerce websites Etsy and Amazon.com, amongst others, wherein Defendants sell products.

4. Defendant TATIANA MIRONOVA (hereinafter referred to as Mironova) is an officer, representative, and/or shareholder of Defendant DRONE WHIRL, LLC and the representative agent of the company.

5. Defendant AMAZON.COM, INC. (hereinafter referred to as "Amazon") is a corporation headquartered in the state of Washington, specializing in e-commerce, which does business in every state in the US.

**JURISDICTION AND VENUE**

6. This court has subject matter jurisdiction under 15 U.S.C. §1121, 17 U.S.C. §501, 28 U.S.C. §1331 and 28 U.S.C. §1338.

7. Venue is proper under 28 U.S.C. §1391 as the Defendants committed the acts of infringement within this judicial district.

8. The court has personal jurisdiction over the Defendants because Defendants conduct substantial business and stores the infringing products within this judicial district.

**FACTS COMMON TO ALL CAUSES OF ACTION**

9. Plaintiff Itomte is in the business of selling, amongst other items, Christmas "tomte" gnome decorations, plush toys and other products.

10. Plaintiff Itomte sells these items on Amazon.com as well as other E-commerce websites.

11. Plaintiffs are the designers of their own, distinct products.

12. On or around November 1, 2016, Mironova sent an email to Defendants as part of a "products inquiry" through the Amazon web platform.

2

13. In the email, Mironova states that she owns a local shop in Texas and asks if she could become a distributor of Plaintiffs' "tomte" gnomes.

14. Over the next couple weeks after this initial correspondence on Nov. 1, 2016, Plaintiffs and Defendants exchange email correspondence regarding orders, the price, delivery, and method of payment for the "tomte" gnomes.

15. Drone Whirl and Mironova eventually placed multiple orders with Plaintiffs for the "tomte" gnomes, periodically receiving orders throughout November and December.

16. In or about April of 2017, Plaintiffs noticed that Defendants were selling the same "tomte" gnomes through Amazon under their d/b/a name 7ProductGroup.

17. When Plaintiffs asked Defendants why they had stock of the product, Mironova stated that she was manufacturing Plaintiffs' "tomte" gnomes herself.

18. Defendants also filed an application for a patent on Plaintiff's product.

19. Plaintiffs filed their trademark for the name "Itomte" on November 24, 2016.

20. On May 22, 2017, Plaintiffs wrote to Drone Whirl and Mironova, demanding that they cease selling Plaintiffs' products.

21. On October 27, 2017, Plaintiff Shenzhen drafted a letter of authorization to grant Itomte use of the trademark as the sole United States agent of Shenzhen.

22. Drone Whirl and Mironova continue to sell Plaintiffs' products on Amazon.com, using Plaintiffs trademark as part of their advertisement.

23. Drone Whirl and Mironova continue to use Plaintiff's photographs in order to advertise their products.

24. Drone Whirl and Mironova sell Plaintiffs' design and product without Itomte's consent.

25. On or about October 21, 2017, Plaintiffs submitted a complaint to Defendant Amazon

3

requesting that the infringing materials be removed from Amazon's listings.

26. Amazon did not remove the listings as requested.

27. As a result of Drone Whirl's and Mironova's actions, as well as Amazon's, Plaintiffs have been damaged.

## FIRST CAUSE OF ACTION
*Federal Trademark Infringement Under the Lanham Act*

28. Plaintiffs repeat and re-allege each of the preceding allegations as if fully set forth herein.

29. Plaintiffs filed their trademark on November 24, 2016.

30. Drone Whirl and Mironova have willfully advertised, promoted, used, distributed, sold, and offered for sale counterfeit goods and materials bearing Plaintiff's trademark, and using Plaintiff's trademark in the advertising of their product, without Plaintiffs' authorization or consent.

31. Drone Whirl and Mironova had knowledge of Plaintiffs' prior rights to Plaintiffs' marks.

32. Drone Whirl's and Mironova's acts were committed with knowledge that their imitation was intended to be used to cause confusion, or to cause mistake, or to deceive.

33. Drone Whirl and Mironova make and will continue to make substantial gains and profits to which they are not entitled to in law or in equity.

34. Such unlawful actions have caused and are continuing to cause irreparable harm to Plaintiffs.

35. Drone Whirl and Mironova's actions constitute a violation of 15 U.S.C. §1114 and have caused Plaintiffs damages in an amount to be determined at trial.

4

## SECOND CAUSE OF ACTION
*Federal Trademark Counterfeiting*

36. Plaintiffs repeat and re-allege each of the preceding allegations as if fully set forth herein.

37. Defendants Drone Whirl and Mironova have used trademarks that are identical and indistinguishable from Plaintiffs' Itomte trademark.

38. As such, Defendants have engaged in trademark counterfeiting in violation of 15 U.S.C. § 1114.

39. Drone Whirl and Mironova make and will continue to make substantial gains and profits to which they are not entitled to in law or in equity.

40. Such unlawful actions have caused and are continuing to cause irreparable harm to Plaintiffs for which there is no adequate remedy at law.

41. As a result of Drone Whirl's and Mironova's conduct, Plaintiffs have also been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
*Common Law Trademark Infringement*

42. Plaintiffs repeat and re-allege each of the preceding allegations as if fully set forth herein.

43. Plaintiffs have used the above-named trademarks in commerce in connection with the promotion, advertisement, distribution, sale and/or offering for sale the goods and services which bear the Plaintiffs' name and trademark.

44. Drone Whirl and Mironova have willfully advertised, promoted, used, distributed, sold, and offered for sale counterfeit goods and materials bearing Plaintiff's trademark, and using Plaintiff's trademark in the advertising of their product, without Plaintiffs' authorization or consent.

45. Drone Whirl and Mironova had knowledge of Plaintiffs' prior rights to Plaintiffs' marks.

46. Drone Whirl's and Mironova's acts were committed with knowledge that their imitation was intended to be used to cause confusion, or to cause mistake, or to deceive, in violation of trademark law.

47. Drone Whirl and Mironova make and will continue to make substantial gains and profits to which they are not entitled to in law or in equity.

48. Such unlawful actions have caused and are continuing to cause irreparable harm to Plaintiffs for which there is no adequate remedy at law.

49. As a result of Drone Whirl's and Mironova's conduct, Plaintiffs have also been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### *False Designation of Origin*

50. Plaintiffs repeat and re-allege each of the preceding allegations as if fully set forth herein.

51. Drone Whirl and Mironova's use of Plaintiffs' trademarks without Plaintiffs' consent constitutes the false or misleading designations of origin and/or false or misleading representations of fact in violation of 15 U.S.C. § 1125(a).

52. Drone Whirl's and Mironova's acts were committed with knowledge that their imitation was intended to be used to cause confusion, or to cause mistake, or to deceive, in violation of trademark law.

53. Drone Whirl and Mironova make and will continue to make substantial gains and profits to which they are not entitled to in law or in equity.

54. Such unlawful actions have caused and are continuing to cause irreparable harm to

Plaintiffs for which there is no adequate remedy at law.

55. As a result of Drone Whirl's and Mironova's conduct, Plaintiffs have also been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### *Copyright Infringement*

56. Plaintiffs repeat and re-allege each of the preceding allegations as if fully set forth herein.

57. Drone Whirl and Mironova have infringed and continue to infringe on Plaintiff's copyrights by copying, reproducing, making, displaying, advertising and distributing Plaintiffs' "tomte" gnome products.

58. Drone Whirl and Mironova had full knowledge of Plaintiffs' copyrights.

59. Drone Whirl and Mironova make and will continue to make substantial gains and profits to which they are not entitled to in law or in equity.

60. Such unlawful actions have caused and are continuing to cause irreparable harm to Plaintiffs for which there is no adequate remedy at law.

61. Drone Whirl and Mironova's conduct was blatant and willful.

62. As a result of Drone Whirl's and Mironova's conduct, Plaintiffs have been damaged.

## SIXTH CAUSE OF ACTION
### *Unfair Competition*

63. Plaintiffs repeat and re-allege each of the preceding allegations as if fully set forth herein.

64. Drone Whirl and Mironova have, in connection with their goods or services, used in commerce Defendants' trademarks, words, terms, names, and/or symbols, as well as combinations thereof, and have made false designations of origin, false or misleading descriptions of fact, or false or misleading representations of fact, which

7

are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiffs, or as to the origin, sponsorship, or approval of Defendants' goods and services by Plaintiffs, in violation of 15 U.S.C. §1125(a).

65. Drone Whirl and Mironova have, in connection with their goods or services, used in commerce Plaintiffs' trademarks, words, terms, names, and/or symbols, as well as combinations thereof, and have made false designations of origin, false or misleading descriptions of fact, or false or misleading representations of fact, which in commercial advertising or promotion, misrepresented the nature, characteristics, qualities, and/or geographic origin of Defendants' goods or services.

66. Drone Whirl and Mironova have the bad faith intent on profiting from Plaintiffs' trademarks, reputation, and copyrights.

67. Defendants Drone Whirl's and Mironova's actions constitute unfair competition.

68. Drone Whirl and Mironova make and will continue to make substantial gains and profits to which they are not entitled to in law or in equity.

69. Such unlawful actions have caused and are continuing to cause irreparable harm to Plaintiffs for which there is no adequate remedy at law.

70. Drone Whirl and Mironova's conduct was blatant and willful.

71. As a result of Drone Whirl's and Mironova's conduct, Plaintiffs have been damaged.

## SEVENTH CAUSE OF ACTION
### *Common Law Unfair Competition*

72. Plaintiffs repeat and re-allege each of the preceding allegations as if fully set forth herein.

73. Due to all of the foregoing, Defendants have been engaging in acts of unfair

8

competition in violation of the common law.

74. Drone Whirl and Mironova make and will continue to make substantial gains and profits to which they are not entitled to in law or in equity.

75. Such unlawful actions have caused and are continuing to cause irreparable harm to Plaintiffs for which there is no adequate remedy at law.

76. Drone Whirl and Mironova's conduct was blatant and willful.

77. As a result of Drone Whirl's and Mironova's conduct, Plaintiffs have been damaged.

**EIGHTH CAUSE OF ACTION**
*Unjust Enrichment*

78. Plaintiffs repeat and re-allege each of the preceding allegations as if fully set forth herein.

79. Defendants Drone Whirl's and Mironova illegal actions have resulted in the unlawful and unjustified receipt of money or property with an unknown value.

80. Drone Whirl and Mironova make and will continue to make substantial gains and profits to which they are not entitled to in law or in equity.

81. As a result of these actions, Drone Whirl and Mironova have been unjustly enriched in an amount to be determined at trial.

**NINTH CAUSE OF ACTION**
*Declaratory judgment*

82. Plaintiffs repeat and re-allege each of the preceding allegations as if fully set forth herein.

83. Plaintiffs are entitled to a declaratory judgment that the copyrights and trademarks in question rightfully belong to Plaintiffs, and that Defendants Drone Whirl and Tatiana cannot advertise or offer such products for sale.

84. As such, Defendant Amazon cannot be permitted to continue to allow such

trademark and copyright infringement to remain on their website and must remove all of Defendants Drone Whirl's and Mironova's infringing listings.

**WHEREFORE,** Plaintiffs demand judgment against Defendants as follows:

a. Issuing a permanent injunction restraining Defendants from selling or listing for sale the items named in the complaint;

b. Declare that all listings by Drone Whirl and Mironova bearing Plaintiffs' trademark are illegal and invalid;

c. Permanent removal of all of Drone Whirl's and Mironova's listings on Amazon.com and any other e-commerce website for any products, goods, or services which infringe upon Plaintiffs' trademark, trade names, or copyrights;

d. Judgment for all ill-gotten profits retained by Defendants;

e. Compensatory damages in the amount of Plaintiffs actual damages;

f. Punitive damages for Defendants' willful violations.

g. Such further relief as the court may deem just and proper.

## <u>JURY DEMAND</u>

Plaintiff demands a trial by jury for all issues so triable.

Respectfully submitted,

Dated: December 15, 2017
New York, New York

Heng Wang, Esq. (HW0786)
HENG WANG & ASSOCIATES, P.C.
305 Broadway, Suite 1000
New York, NY 10007
T: (212) 513-1183
F: (646) 572-8998